UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD H. NIESTER, II,
a Michigan resident and
NBT, LLC, a Michigan limited
liability company,

    Plaintiff

Case No: 08-cv-12101

Hon.:

Magistrate Judge:

v.

EVA MOORE, a Pennsylvania citizen
STUART LACHEEN, a Pennsylvania
citizen, DIGITAL COMMUNICATION
WAREHOUSE, INC., a Pennsylvania
corporation, WONDERS OF WIRELESS, INC.,
a Pennsylvania corporation and COMMERCE
BANCORP, a New Jersey corporation,

    Defendants

---

SHEEHAN & ASSOCIATES, PLC
ROBERT D. SHEEHAN (P44634)
SHAWN R. CIOFFI (P61914)
Attorneys for Plaintiff
1460 Walton Boulevard
Suite 102
Rochester Hills, MI  48309
(248) 650-5366

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

    NOW COMES, Gerald H. Niester, II and NBT, LLC ("Plaintiffs") by and through their counsel of record, Sheehan & Associates, PLC, and represents unto this Honorable Court as follows:

1

## JURISDICTIONAL AND GENERAL ALLEGATIONS

1. This Court has jurisdiction over the subject matter of this action pursuant to Title 28 U.S.C. §1330 et. seq. in that there is diversity of citizenship between Plaintiffs and Defendants Eva Moore, Stuart Lacheen, Digital Communication Warehouse, Inc. ("DCW"), Wonders of Wireless, Inc. ("WOW"), and Commerce Bancorp ("Commerce Bank"), also, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).
2. Plaintiffs are, and at all times relevant hereto, were citizens of the State of Michigan.
3. Defendant Eva Moore is, and at all times relevant hereto, was a citizen of the State of Pennsylvania.
4. Defendant Stuart Lacheen, the president of DCW, is, and at all time relevant hereto, was a citizen of the State of Pennsylvania.
5. Defendant DCW was incorporated under the laws of the State of Pennsylvania and having its principal place of business in the State of Pennsylvania.
6. Defendant WOW was incorporated under the laws of the State of Pennsylvania and having its principal place of business in the State of Pennsylvania.
7. Defendant Commerce Bank was incorporated under the laws of the State of New Jersey and has its principal place of business in the State of New Jersey.
8. The proper district for the Trial of this action is the Eastern District of Michigan in that "a substantial part of the events or omissions" on which this claim is based occurred in the Eastern District of Michigan.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff incorporates by reference Paragraphs 1 through 8, inclusive, of its Complaint as if set forth in full in this Paragraph.
10. Beginning in 2005, Plaintiffs were in the business of selling Cingular/AT&T wireless phones and service.

11. In order to conduct this business, Plaintiffs, as sub-agent, contracted with DCW as agent of AT&T. A copy of the Sub-Agent Agreement dated November 30, 2005 is attached as Exhibit "A."

12. At all times relevant thereto, Eva Moore was an employee and/or agent of DCW. A copy of the DCW Participant Manual associated with the November 30, 2005 Sub-Agent Agreement is attached as Exhibit "B" where Eva Moore is listed as DCW's E-Commerce Manager. See Exhibit "B," pg. 6.

13. Throughout Plaintiffs' business dealings and relations with DCW, Must Focus LLC d/b/a Must Focus ("Must Focus"), a company owned and operated by Eva Moore, began acting as an intermediary between DCW and Plaintiffs and/or acting as an agent for DCW. Printouts of the Pennsylvania Department of State corporation status for Must Focus and Must Focus LLC are attached as Exhibit "C."

14. DCW never disavowed the agency of Must Focus or Eva Moore or denied the authority of Must Focus or Eva Moore to act on its behalf.

15. In or about early December 2006, Eva Moore approached Plaintiffs with another business opportunity.

16. Eva Moore represented to Plaintiffs that she had the authority to offer Plaintiffs the ability to sell Disney Mobile wireless phones and wireless phone service on behalf of WOW and DCW.

17. At all times relevant, WOW was the agent of carrier Disney Mobile, authorized to sell digital wireless phones and other wireless services.

18. At all times relevant, DCW, Eva Moore and Must Focus represented and held themselves out to be the agents for WOW.

19. On or about December 6, 2006, Eva Moore presented Plaintiffs with a Sub-Agent Agreement between WOW and Plaintiffs for the sale of Disney wireless phones and service. A copy of the Sub-Agent Agreement is attached as Exhibit "D."

20. The Sub-Agent Agreement dated December 6, 2006, with WOW is similar in language and format as the November 30, 2005 Sub-Agent Agreement with DCW. See Exhibits "A" and "D."

3

21. Eva Moore signed the December 6, 2006 Sub-Agent Agreement on behalf of WOW.  See Exhibit "D."

22. WOW has ratified that Eva Moore was acting as an agent or employee of WOW and thereby acting on its behalf because the Sub-Agent Agreement was used as the basis for a Confession of Judgment Complaint in the Court of Common Pleas in Montgomery County, Pennsylvania.  A copy of the Confession of Judgment is attached as Exhibit "E."

23. Plaintiffs provided Eva Moore, Must Focus, DCW, and WOW with authority to charge credit cards for the purchase of wireless phone equipment for sale in Plaintiffs' business.

24. Over the course of several months, Eva Moore, Must Focus, DCW and WOW charged substantial sums of money to Plaintiffs' credit cards for the purchase of wireless phone equipment.

25. In exchange for access to Plaintiffs' credit, Eva Moore assisted Plaintiffs with the set up and management of a store located at the Franklin Hills Mall in Pennsylvania because she would receive increased compensation from Must Focus, DCW and WOW for more phones and services sold in her territory. DCW and WOW would also benefit from these sales.

26. At all times relevant, Plaintiffs relied on Eva Moore's assistance with respect to setting up and managing the store because Plaintiffs were located in Michigan and could not oversee day to day operations.

27. During the same time frame, Eva Moore, individually, and as agent for, DCW and WOW, engaged in a course of fraud and deceit where she diverted commissions from Disney, WOW, and DCW, that were intended for Plaintiffs, to a bank account for an entity other than Plaintiffs; engaged in fraudulent activations; charged Plaintiffs for the same telephones that were not being sold for the benefit of Plaintiffs; sought and obtained advances of telephone equipment that was sold for the benefit of entities other than Plaintiffs.

28. Plaintiffs did not receive the benefit of the sales and the reactivations due to the fraudulent and deceitful conduct of Eva Moore, either acting individually, or on behalf of DCW and WOW.
29. At no time relevant was Eva Moore an agent for Plaintiffs. At all times, Eva Moore was acting as an agent for Stuart Lacheen, DCW and WOW.
30. In order to perpetuate the fraud, Eva Moore created a corporation which mimicked the limited liability company name of Plaintiff NBT and, upon information and belief, called it NBT Links Right Price Wireless.
31. Eva Moore engaged in a pattern, either individually or acting in concert with the other Defendants, of intercepting checks made payable to NBT, LLC and depositing the checks fraudulently into NBT Links Right Price Wireless bank account at Commerce Bank.
32. Commerce Bank negligently deposited checks made out to a different business name into the account created by Eva Moore.
33. In the event that Commerce Bank had been exercising due care in the performance of its duties, then Plaintiffs would not have suffered the losses described herein.

## **FIRST CLAIM FOR RELIEF**
**(Common Law Fraud, Misrepresentation, Concealment and Deceit Against Defendants Eva Moore, Stuart Lacheen, Digital Communication Warehouse, Inc., and Wonders of Wireless, Inc.**)

34. Plaintiffs incorporate by reference Paragraphs 1through 33, inclusive, of its Complaint as if set forth in full in this Paragraph.
35. Defendants Eva Moore, Stuart Lacheen, DCW and WOW have misrepresented material facts or omitted certain facts with respect to the amount of commission money owed to Plaintiffs after the activations of the wireless phones Plaintiffs ultimately purchased and the relationships between these Defendants.

36. The representations were false when they were made because there was a several month period during which Plaintiffs received no checks for their commissions and Defendants wrongfully charged Plaintiffs for items Plaintiffs never received.
37. Defendants Eva Moore, Stuart Lacheen, DCW and WOW knew and had reason to believe that the Plaintiffs would act and rely upon the representations made by the Defendants which resulted in a detriment to the Plaintiffs.
38. Defendants Eva Moore, Stuart Lacheen, DCW and WOW knew when they made the representations of certain material facts, or omitted certain material facts, to Plaintiffs and that those representations were in fact false and were made recklessly without any basis in truth. Defendants Eva Moore, Stuart Lacheen, DCW and WOW were aware that commission checks were not being sent to Plaintiffs and that they were continuing to run fraudulent charges against Plaintiffs' credit cards, thereby confirming that Defendants had knowledge of the false statements to Plaintiffs.
39. Plaintiffs have suffered damages due to the false representations, misrepresentations and/or omissions made by the Defendants.

   WHEREFORE, Plaintiffs respectfully request that this Court award compensatory damages that will fully and fairly compensate the Plaintiffs for their damages, in an amount in excess of the jurisdictional amount of $75,000.00, plus costs, interest, and attorney's fees pursuant to statute and Court Rule, and any other relief that is fair, just, and equitable under the circumstances.  In addition, Plaintiffs urge this Court to award exemplary and/or punitive damages against Defendants in an amount to be determined by the Court, for their unconscionable, shocking, and despicable conduct.

## SECOND CLAIM FOR RELIEF

### (Common Law Conversion Against Defendants Eva Moore, Stuart Lacheen, Digital Communication Warehouse, Inc., and Wonders of Wireless, Inc.)

40. Plaintiffs incorporate by reference Paragraphs 1through 39, inclusive, of its Complaint as if set forth in full in this Paragraph.
41. Defendants Eva Moore, Stuart Lacheen, DCW and WOW by depositing the commission checks in a bank account to which they were not to be deposited exercised a distinct act of dominion over the checks and subject monies which is inconsistent with Defendants' rights with respect to the checks that were issued.
42. Further, not only have the Plaintiffs suffered misdelivery of the checks and subject monies into an incorrect back account that did not bear the name to which the checks were issued, but the Plaintiffs have also been completely dispossessed of the checks.

WHEREFORE, Plaintiffs respectfully request that this Court award treble damages that will fully and fairly compensate the Plaintiffs for their damages, in an amount in excess of the jurisdictional amount of $75,000.00, plus costs, interest, and attorney's fees pursuant to statute and Court Rule, and any other relief that is fair, just, and equitable under the circumstances.

## THIRD CLAIM FOR RELIEF

### (Statutory Conversion pursuant to MCL 440.3420 Against Defendants Eva Moore, Stuart Lacheen, Digital Communication Warehouse, Inc., and Wonders of Wireless, Inc.)

43. Plaintiffs incorporate by reference Paragraphs 1through 43, inclusive, of its Complaint as if set forth in full in this Paragraph.
44. Defendants Eva Moore, Stuart Lacheen, DCW and WOW intercepted checks written to and intended for Plaintiffs and negotiated the checks and subject

7

funds by depositing them in a differently named account in Commerce Bank, thereby converting the checks to their own use in violation of MCL 444.3420.

45. By negotiating the checks and depositing the subject funds, Defendants have conferred a benefit onto themselves to which they were not entitled and Plaintiffs have suffered injury due to being dispossessed of the checks belonging to them.

WHEREFORE, Plaintiffs respectfully request that this Court award treble damages that will fully and fairly compensate the Plaintiffs for their damages, in an amount in excess of the jurisdictional amount of $75,000.00, plus costs, interest, and attorney's fees pursuant to statute and Court Rule, and any other relief that is fair, just, and equitable under the circumstances.

**FOURTH CLAIM FOR RELIEF**

**(Tortious Interference with a Contract or Advantageous Business Relationship or Expectancy Against Defendants Eva Moore, Stuart Lacheen, Digital Communication Warehouse, Inc., and Wonders of Wireless, Inc.)**

46. Plaintiffs incorporate by reference Paragraphs 1 through 45, inclusive, of its Complaint as if set forth in full in this Paragraph.
47. As stated above, Plaintiffs entered into Sub-Agent Agreements for the purchase and sale of wireless phones and other service equipment with both DCW and WOW, or their respective agents. See Exhibits A and D.
48. The Sub-Agent Agreements between Plaintiffs and DCW and WOW, and their respective agents, created a reasonable likelihood of future economic benefit for Plaintiffs as they were to receive commission checks for phones and services sold.
49. By their conduct described in paragraphs 27 through 32, Defendants Eva Moore, Stuart Lacheen, DCW, and WOW intentionally and improperly interfered with the Sub-Agent Agreements, business relationships and expectancies of Plaintiffs.

8

50. The conduct described in paragraphs 27 through 32 was intended to, and did cause a disruption in Plaintiffs receiving commission checks properly owed.
51. As a direct and proximate result of Defendants' Eva Moore, Stuart Lacheen, DCW, and WOW conduct, Plaintiffs have suffered substantial economic injury, harm to its business reputation, and loss of business opportunities.

WHEREFORE, Plaintiffs respectfully request that this Court award compensatory damages that will fully and fairly compensate the Plaintiffs for their damages, in an amount in excess of the jurisdictional amount of $75,000.00, plus costs, interest, and attorney's fees pursuant to statute and Court Rule, and any other relief that is fair, just, and equitable under the circumstances.

## FIFTH CLAIM FOR RELIEF
### (Civil Conspiracy Against Defendants Eva Moore, Stuart Lacheen, Digital Communication Warehouse, Inc., and Wonders of Wireless, Inc.))

52. Plaintiffs incorporate by reference Paragraphs 1 through 51, inclusive, of its Complaint as if set forth in full in this Paragraph.
53. Defendants Eva Moore, Stuart Lacheen, DCW and WOW illegally and wrongfully conspired with one another with the intent to and for the illegal purpose of fraudulently misrepresenting the amount of commissions owed to Plaintiffs, by dispossessing Plaintiffs of commission checks they were properly owed by means of conversion, and by tortiously interfering with Plaintiffs business expectancy.
54. Defendants DCW and WOW, in combination, or vicariously through their agents Eva Moore and Stuart Lacheen, conspired to fraudulently misrepresent the amount of commissions owed to Plaintiffs, dispossess Plaintiffs of commission checks they were properly owed by means of conversion, and tortiously interfered with Plaintiffs business expectancy.

9

55. This conspiracy resulted in the illegal and tortious activity of fraudulent misrepresentation, conversion, and tortious interference with business expectancy.
56. As a result of the conspiracy and Defendants' illegal and tortious acts Plaintiff suffered substantial economic damages for which Defendants are liable.

   WHEREFORE, Plaintiffs respectfully request that this Court award compensatory damages that will fully and fairly compensate the Plaintiffs for their damages, in an amount in excess of the jurisdictional amount of $75,000.00, plus costs, interest, and attorney's fees pursuant to statute and Court Rule, and any other relief that is fair, just, and equitable under the circumstances.

### SIXTH CLAIM FOR RELIEF
**(Unjust Enrichment Against Defendants Eva Moore, Stuart Lacheen, Digital Communication Warehouse, Inc., and Wonders of Wireless, Inc.)**

57. Plaintiffs incorporate by reference Paragraphs 1 through 56, inclusive, of its Complaint as if set forth in full in this Paragraph.
58. For the reasons set forth above, Defendants Eva Moore, Stuart Lacheen, DCW and WOW have been unjustly enriched. Defendants used various mechanisms in order to improperly profit at the expense of Plaintiffs, who suffered economic damage as a result of Defendants' conduct.
59. Defendants Eva Moore, Stuart Lacheen, DCW and WOW were unjustly enriched by the wrongful receipt of commissions which were in fact due to Plaintiffs, combined with the misrepresentations and fraud the Defendants made relative to the amounts of commissions actually paid to Plaintiffs.

   WHEREFORE, Plaintiffs respectfully requests that this Court award compensatory damages that will fully and fairly compensate Plaintiffs for their damages, in an amount in excess of the jurisdictional amount, plus costs, interest, and attorney's fees pursuant to statute and Court Rule, and any other relief that is fair, just, and equitable under the circumstances.

## SEVENTH CLAIM FOR RELIEF

### (Negligence Against Defendant Commerce Bancorp)

60. Plaintiffs incorporate by reference Paragraphs 1through 59, inclusive, of its Complaint as if set forth in full in this Paragraph.
61. Defendant Commerce Bank negligently deposited checks made out to Plaintiff NBT, LLC into an account named NBT Links Right Price Wireless.
62. Defendant Commerce Bank has a duty to exercise ordinary care in the performance of collecting checks under the Uniform Commercial Code and it breached that duty by allowing checks to be deposited when the name on the check did not match the name of the account holder.
63. Defendant Commerce Bank did not have any Articles of Incorporation or Articles of Organization to indicate that NBT Links Right Price Wireless was the proper account holder.
64. Defendant Commerce Bank's conduct directly and proximately caused Plaintiffs to lose commissions which were intended for them by the issuers of the checks.
65. As a direct and proximate result of Defendant Commerce Bank's negligence, Plaintiffs have suffered damages in excess of $200,000.

WHEREFORE, Plaintiffs respectfully requests that this Court award compensatory damages that will fully and fairly compensate Plaintiffs for their damages, in an amount in excess of the jurisdictional amount, plus costs, interest, and attorney's fees pursuant to statute and Court Rule, and any other relief that is fair, just, and equitable under the circumstances.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment:

A. Awarding Plaintiffs compensatory damages in an amount to be determined at trial;

B. Awarding Plaintiffs treble or punitive damages in an amount to be determined at trial;

C. Awarding Plaintiffs the costs of this litigation, including attorneys' fees and expenses; and

D. Such other and further relief as may be just and proper under the circumstances.

Dated: May 13, 2008                    /s/Robert D. Sheehan_____
                                       Robert D. Sheehan (P44634)
                                       Shawn R. Cioffi (P61914)
                                       Sheehan & Associates, PLC
                                       Attorney for Plaintiffs
                                       1460 Walton Blvd., Suite 102
                                       Rochester Hills, MI 48309
                                       248-650-5366
                                       sheehanlawyers@aol.com

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiffs, by and through their counsel, Sheehan & Associates, PLC, and hereby demands a Trial by Jury under the Federal Rules of Civil Procedure, Rule 38.

Dated: May 13, 2008                    /s/Robert D. Sheehan_____
                                       Robert D. Sheehan (P44634)
                                       Shawn R. Cioffi (P61914)
                                       Sheehan & Associates, PLC
                                       Attorney for Plaintiffs
                                       1460 Walton Blvd., Suite 102
                                       Rochester Hills, MI 48309
                                       248-650-5366
                                       sheehanlawyers@aol.com